UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Magazine, # 254723, | ) C/A No. 2:12-3432-TLW-BHH |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden of Broad River Correctional Institution, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. On December 2, 1998, in the Court of General Sessions for Sumter County, Petitioner was convicted, pursuant to a jury's verdicts, of kidnapping, first-degree criminal sexual conduct, assault and battery with intent to kill, attempted murder, and possession of a weapon during a violent crime. He was sentenced to two (2) concurrent thirty-year terms and a consecutive ten-year term. The South Carolina Court of Appeals affirmed the convictions on direct appeal in *State v. Magazine*, Opinion No. 2000-UP-200 (S.C.Ct.App. March 15, 2000). Petitioner filed an application for post-conviction relief. Post-conviction relief was granted by the Court of Common Pleas, but the State's appeal was successful. *State v. Magazine*, 361 S.C. 610, 606 S.E.2d 761 (2004).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  See *Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

With respect to his convictions, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner appears to have exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

On July 25, 2005, the Petitioner filed a Section 2254 habeas corpus petition in *Raymond Magazine v. Warden William White; and Attorney General Henry McMaster*, Civil Action No. 8:05-2067-TLW-BHH. The undersigned on July 29, 2005, granted Petitioner's motion for leave to proceed *in forma pauperis* and directed Respondents to an answer or return. Counsel for Respondents on September 19, 2005, filed a return and motion for summary judgment.

The undersigned on September 20, 2005, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). After receiving two extensions of time, Petitioner responded to the *Roseboro* order on November 18, 2005. Also, Petitioner on October 24, 2012, filed his own motion for summary judgment.

In a Report and Recommendation filed in Civil Action 8:05-2067-TLW-BHH on August 14, 2006, the undersigned recommended that Respondents' motion for summary judgment be granted, that Petitioner's motion for summary judgment be denied, and that other motions filed by Petitioner be denied as moot.

The parties in Civil Action No. 8:05-2067-TLW-BHH were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On August 28, 2006, Petitioner filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 8:05-2067-TLW-BHH on September 25, 2006, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and granted summary judgment to Respondents. *Magazine v. White*, Civil Action No. 8:05-2067-TLW-BHH, 2006 WL 2780966 (D.S.C. Sept. 25, 2006).

Petitioner's subsequent appeal (Fourth Circuit Docket No. 06-7818) in Civil Action No. 8:05-2067-TLW-BHH was not successful. The United States Court of Appeals for the Fourth Circuit on February 16, 2007, dismissed the appeal and the Supreme Court of United States later denied discretionary appellate review. See *Magazine v. White*, No. 06-7818, 218 Fed.Appx. 219, 2007 WL 582199 (4th Cir. Feb. 16, 2007), *cert. denied*, 552 U.S. 930 (2007).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 8:05-2067-TLW-BHH was decided by summary judgment,

4

the Petition in the above-captioned case (Civil Action No. 2:12-3432-TLW-BHH) is successive.[2]

This court may take judicial notice of Civil Action No. 8:05-2067-TLW-BHH.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case.  Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996)

---

[2]The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997), which is cited in *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court sua sponte."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).

("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277, 278–80 (4th Cir. 2003). The form is entitled "MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an answer or return*.  It is also recommended that the District Court deny a Certificate of Appealability.  *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Petitioner's attention is directed to the important notice on the next page.

January 10, 2013                                s/Bruce Howe Hendricks
Charleston, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).